**EXHIBIT**

**A**

IN THE CIRCUIT COURT OF SHELBY COUNTY TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

EDWIN ZAMARRIPA,

    Plaintiffs,

vs.

RANDALL BENNETT EPLEY,
and HOBBY LOBBY STORES, INC.

    Defendants.

NO. CT-002618-14
Division III
**JURY DEMANDED**

## COMPLAINT

**COMES NOW** the Plaintiff, Edwin Zamarripa (hereinafter referred to as "Plaintiff"), and for their cause of action against the Defendants, Randall Bennett Epley and Hobby Lobby Stores, Inc., would state as follows:

### JURISDICTION

1. That Edwin Zamarripa is a resident of Memphis, Tennessee.

2. The Defendant, Randall Bennett Epley, is a resident of Morganton, North Carolina, and may be reached for service of process by this Honorable Court at 115 Bennett Epley, Morganton, Burke County, North Carolina, 28655.

3. The Defendant, Hobby Lobby Stores, Inc., is a foreign corporation and may be reached for service of process by this Honorable Court through its registered agent, Corporation Service Company, at 2908 Poston Avenue, Nashville, Davidson County, Tennessee 37203.

4. That the Plaintiffs' cause of action arises in tort as a result of injuries and damages sustained due to the negligent operation of a motor vehicle by the Defendant, Randall Bennett Epley, within the jurisdiction and venue of this Honorable Court.

## FACTS

5. On or about September 3, 2013, Plaintiff, Edwin Zamarripa was driving and lawfully operating a 1990 Mazda Miata, owned by Plaintiff.

6. Mr. Zamarripa was lawfully traveling westbound on Sam Cooper Boulevard near Graham Street in Memphis, Shelby County, Tennessee

7. The Plaintiff was in the proper lane of travel, and was operating his vehicle in a safe and prudent manner.

8. On the same date and at the same time, the Defendant, Randall Bennett Epley, was operating a 2010 Freightliner Truck owned by Hobby Lobby Stores, Inc.

9. Defendant, Randall Bennett Epley was also traveling westbound on Sam Cooper Boulevard near Graham Street when he violently struck Plaintiff's vehicle from the rear, causing Plaintiff's vehicle to spin chaotically and then strike the retaining wall.

10. Plaintiff alleges that as a direct and proximate result of the actions of Defendant, Randall Bennett Epley, Plaintiff suffered serious and painful injuries.

## RESPONDEANT SUPERIOR

11. Plaintiff charges and alleges that the Defendant, Randall Bennett Epley, was an employee of Defendant, Hobby Lobby Stores, Inc., and within his scope of employment and course of duties of said employment, or otherwise acting as an agent of Defendant Hobby Lobby Stores, Inc., Defendant, Randall Bennett Epley, failed to maintain proper control of the vehicle causing the Plaintiff serious and life threatening injuries.

12. Therefore, all negligent acts committed by Randall Bennett Epley are hereby imputed upon Defendant, Hobby Lobby Stores, Inc., and that Defendant Hobby Lobby Stores, Inc. is jointly and severally liable to Plaintiff for all damages proximately caused by the above described acts of negligence and negligence per se.

## NEGLIGENCE

13. Plaintiff charges and alleges that the Defendants were guilty of the following acts of common law negligence, each and every one of which were a direct and proximate cause of the Plaintiff's, resulting injuries and damages, to wit:

   a. Negligently failing to exercise that degree of care and caution required of a reasonable and prudent person under the same or similar circumstances.

   b. Negligently failing to maintain proper control of a vehicle.

   c. Negligently failing to maintain a proper lookout.

   d. Negligently failing to avoid the occurrence of the collision when the Defendant knew or, in the exercise of ordinary reasonable care, should have known that continuing in the same line of travel would result in a collision with Plaintiff's vehicle causing injuries and damages to the Plaintiff.

   e. Negligently failing to devote full time and attention to the operation of said vehicle.

   f. Gross, willful, and wanton negligence in reckless operation of a vehicle with complete indifference to the consequences and needless disregard for the rights and safety of Plaintiff in driving said vehicle into Plaintiff who was in plain view and sight when Defendant failed to stop or alter the line of travel or otherwise make any effort to avoid striking the Plaintiff.

   g. Negligently operating a vehicle in an improper manner on the roadway.

   h. Negligently failing to exercise ordinary and reasonable care to avoid said collision.

   i. Negligently failing to drive an automobile with due regard for the safety of all other persons on the roadway.

14. Plaintiff further charges and alleges that at the time of the collision in question, the following City Ordinances and Statutes of the State of Tennessee were in full force and effect and were violated by the Defendant Driver, each and every such act constituting a direct and a

3

proximate cause or direct contributing proximate cause of the injuries and damages to Plaintiff, to wit:

## CITY ORDINANCES

| Section 11-16-2 | Duty to devote full time and attention to operating a vehicle |
| Section 11-16-3 | Duty to drive at a safe speed, maintain lookout and keep vehicle under control. |
| Section 11-16-20 | Following too Closely |
| Section 11-16-44 | Reckless Driving |

## STATUTES OF THE STATE OF TENNESSEE

| Section 55-8-103 | Required Obedience to Traffic Laws |
| Section 55-10-205 | Reckless Driving |
| Section 55-8-136 | Driver to exercise Due Care |
| Section 55-8-124 | Following too Closely |

15. Plaintiff further charges and alleges that the Defendants' aforesaid acts of common law negligence and violations of City Ordinances and Statutes of the State of Tennessee constitute negligence per se in that the Plaintiffs were in the class sought to be protected by the legislation, and said negligence per se is a direct and proximate cause of the collision at issue and Plaintiff's resulting injuries and damages.

16. That the negligent acts and omissions of Defendant Randall Bennett Epley exhibited such gross, willful and wanton negligence and misconduct so as to warrant the imposition of punitive damages.

4

## INJURIES AND DAMAGES

17. Plaintiff, Edwin Zamarripa, charges and alleges that as a direct and proximate result of the negligence on the part of the Defendants, Plaintiff suffered severe and permanent personal injuries including, but not limited to the following:

   a. Great physical pain, past and future;

   a. Great mental and emotional suffering, past and future;

   b. Severe fright and shock;

   d. Loss of enjoyment of life, past and future;

   e. Property damage to Plaintiff's automobile and loss of use of the same;

18. Plaintiff charges and alleges that as a direct and proximate result of the negligence on the part of the Defendants, the Plaintiff received serious, painful and permanent injuries requiring medical attention and treatment for which she incurred doctor and medical bills in an effort to relieve the pain, suffering and discomfort resulting from said injuries. Plaintiff further alleges that all doctor and medical bills so incurred were reasonable and necessary for the treatment of the injuries and that Plaintiff will require future medical treatment and will incur additional medical bills for said treatment.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray:

1. That proper process issue against the Defendants requiring them to plead and answer.

2. That Plaintiff, Edwin Zamarripa, be awarded a judgment against the Defendants for actual compensatory and punitive damages in the amount that truth dictates and justice demands, and in an amount not to exceed **TWO HUNDRED THOUSAND DOLLARS AND 00/100 ($200,000.00)**.

3. That Plaintiff be granted such other relief, general or specific, that this Court deems equitable and just.

5

4. That the costs of this action be awarded to Plaintiff.

5. That a jury be empaneled to try these issues when joined.

6. That Plaintiff be allowed to amend these pleadings to conform to the facts of this matter.

This the 12th day of June, 2014.

Respectfully Submitted,

**JOHN MICHAEL BAILEY PC**

By: *[signature]*

John Michael Bailey (6941)
Kristy L. Bennett (30016)
Attorney for Plaintiffs
5978 Knight Arnold Road
Suite 400
Memphis, TN 38115
901-529-1010
901-529-1017